976 F.2d 724
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Appellee,
v.
Luis NARANJO, Defendant, Appellant.
 No. 91-1358.
 United States Court of Appeals,
First Circuit.
 September 18, 1992
 
 Appeal from the United States District Court for the District of Rhode Island
 Robert L. Rossi, was on brief for appellant.
 Zechariah Chafee, Assistant United States Attorney, with whom Lincoln C. Almond, United States Attorney, were on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before Breyer, Chief Judge, Campbell, Senior Circuit Judge, and Torruella, Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Luis Naranjo pled guilty to possession with intent to distribute 500 grams or more of cocaine and conspiracy to possess and distribute this cocaine. Appellant's cooperation allowed the probation officer to reduce appellant's offense level by two points under the Sentencing Guidelines. Appellant contends that the probation officer, and the district judge, should have reduced his offense level two points more because he was a "minor participant" under United States Sentencing Guidelines section 3B1.2. We cannot accept appellant's contention.
 
 
 2
 The district court's determination of a defendant's role in an offense for sentencing purposes is fact-intensive, and we review it for "clear error." United States v. Akitoye, 923 F.2d 221, 227 (1st Cir. 1991). In this case, the district judge determined that appellant was not a minor participant. The record shows that appellant transported a quantity of cocaine pursuant to the conspiracy on more than one occasion, and that appellant transported these drugs to and from the leaders of the conspiracy in the context of a sale. Based on these facts, we cannot say that it was clear error to find that appellant was not a minor participant.
 
 
 3
 The district judge sentenced appellant to concurrent terms of imprisonment of sixty-three months, with an additional four years of supervised release and a $50 fine on each count. The sentence also provides for the Immigration and Naturalization Service to take over appellant's case for deportation proceedings. We affirm.